**ORAL ARGUMENT NOT YET SCHEDULED**

**Nos. 25-5122, 25-5123**

**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

CLIMATE UNITED FUND, ET AL.,

*Plaintiffs-Appellees,*

vs.

U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL.,

*Defendants-Appellants.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**DEFENDANT-APPELLANT CITIBANK, N.A.'S REPLY REGARDING STAY**

K. Winn Allen, P.C.
  *Counsel of Record*
Kirkland & Ellis LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: 202.389.5078
winn.allen@kirkland.com

April 23, 2025

## REPLY

Citibank N.A. ("Citibank") respectfully submits this reply statement regarding plaintiffs' oppositions to EPA's motion to stay the district court's preliminary injunction order. Plaintiffs do not dispute that Citibank is an agent required to "act at all times in the best interests of the United States" and "comply with all lawful instructions or directions received from Treasury." CUF ECF 15-1 §§ 5.A, 5.B.iv. Plaintiffs likewise do not suggest that Citibank itself had any role in issuing or terminating grants, including the Greenhouse Gas Reduction Fund ("GGRF") grants in this litigation.

Some (but not all) plaintiffs nevertheless object to including Citibank in any stay, arguing that Citibank has not met the stay factors, and that EPA's Tucker Act jurisdictional arguments do not apply to Citibank. *See* NCIF Pls. Br. at 21; CCIA Pls. Br. at 22. But stays pending appeal are equitable remedies "grounded in equitable considerations," *Marin Audubon Soc'y v. FAA*, 129 F.4th 869, 872 (D.C. Cir. 2015) (quotations omitted), and so must be "mould[ed] . . . to the necessities of the particular case," *Cobell v. Norton*, 240 F.3d 1081, 1108 (D.C. Cir. 2001), and "construed to afford complete relief," *Transcon. Gas Pipe Line Co., LLC v. 6.04 Acres in Land Lot 1049*, 910 F.3d 1130, 1152 (11th Cir. 2018). Here, there is no dispute that there is no practical way to provide relief to the government without including Citibank in any stay. Staying the district court's order only as to

the government (but not as to Citibank) would mean that Citibank would be required to disburse funds in accord with the district court's preliminary injunction order, undoing whatever balance of the equities and causing the same harm that justified a stay in the government's favor in the first place.

Nor are plaintiffs correct in casting Citibank as only a "nonmoving party." CCIA Pls. Br. at 22. Citibank filed its statement ahead of the deadline to move for a stay. Citibank's statement explains Citibank's role, that plaintiffs' account control agreements (upon which they base their claims against Citibank) must be read in light of Citibank's Financial Agency Agreement and fiduciary obligations, that Citibank will be harmed if it is caught in a "rock and a hard place" between the district court's order and those fiduciary obligations, and that the equities require treating Citibank similarly to the government, where Citibank is the government's agent. *See* Statement at 4–7, 12–15. Citibank's statement was intended to provide relevant information regarding Citibank, but not to burden the Court with unnecessarily voluminous briefing. Plaintiffs do not persuasively show what more Citibank should have provided given Citibank's unique role and the equitable posture of the government's stay motion.

Citibank emphasizes that, although it takes no position on whether a stay should be granted, if a stay is granted, then equity and providing complete practical relief to the government both require that Citibank be included in that stay.

2

Dated: April 23, 2025  Respectfully submitted,

/s/ K. Winn Allen
K. Winn Allen, P.C.
Kirkland & Ellis LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: 202.389.5078
winn.allen@kirkland.com

***Attorney For Defendant Citibank, N.A.***

3

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 484 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), as counted using the word-count function on Microsoft Word software.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

April 23, 2025                               */s/ K. Winn Allen*
                                             K. Winn Allen