ORAL ARGUMENT SCHEDULED FOR MAY 19, 2025

Nos. 25-5122, 25-5123

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

CLIMATE UNITED FUND, ET AL.,

*Plaintiffs-Appellees,*

vs.

U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL.,

*Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**REPLY BRIEF OF DEFENDANT-APPELLANT CITIBANK, N.A.**

K. Winn Allen, P.C.
　*Counsel of Record*
Joseph C. Schroeder
Kirkland & Ellis LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: 202.389.5078
winn.allen@kirkland.com

May 15, 2025

## **TABLE OF CONTENTS**

 **Page**

SUMMARY OF ARGUMENT ................................................................................1

ARGUMENT .............................................................................................................2

I.    CITIBANK COMPLIED WITH ITS CONTRACTS. ...................................2

II.   CLAIMS AGAINST CITIBANK SHOULD NOT BE SEVERED FROM CLAIMS AGAINST THE GOVERNMENT. .....................................4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Crye Precision LLC v. Bennettsville Printing*,
 2019 WL 6388636 (E.D.N.Y. Aug. 13, 2019) ...................................................... 3

*Fed. Crop Ins. Corp. v. Merrill*,
 332 U.S. 380 (1947) .............................................................................................. 3

*Franklin v. D.C.*,
 163 F.3d 625 (D.C. Cir. 1998) ............................................................................. 4

*Long Side Ventures LLC v. Adarna Energy Corp.*,
 2014 WL 4746026 (S.D.N.Y. Sept. 24, 2014) ...................................................... 3

*In re O.P.M. Data Sec. Breach Litig.*,
 928 F.3d 42 (D.C. Cir. 2019) ............................................................................... 4

**Other Authorities**

Restatement (Second) of Contracts § 202(2) (Am. Law Inst. 1981) ......................... 2

## GLOSSARY

| Abbreviation/Acronym | Definition |
| --- | --- |
| EPA | Environmental Protection Agency |
| FAA | Financial Agency Agreement |
| FBI | Federal Bureau of Investigation |

**SUMMARY OF ARGUMENT**

Plaintiffs' arguments confirm two things: *First*, Citibank complied with its contracts. The FAA and account control agreements must be read together because they refer to each other and concern the same subject matter and transactions. Plaintiffs cannot ignore the FAA: they knew Citibank was operating as an agent of the government, and their own grant agreements refer to the FAA. And it should come as no surprise to plaintiffs that, under basic principles of agency law, an agent such as Citibank is necessarily constrained by the authority delegated by its principal. Because Citibank's actions complied with the FAA and account control agreements, Citibank breached no contract.

*Second*, the Court should reject Plaintiffs' invitation to allow this litigation to proceed against Citibank alone if the Court rejects the claims against the government. It would be untenable—and inconsistent with principles of derivative sovereign immunity—to allow litigation against Citibank as agent to proceed when claims against the government as principal have been dismissed. That is particularly so because Plaintiffs' claims against Citibank rise and fall with their claims against the government: The only basis on which Citibank could disregard instructions from the government would be if a Court deemed those instructions unlawful. Absent such a finding, Citibank is obligated to follow the instructions of its principal. If

1

Plaintiffs' claims against the Government fail, either under the Tucker Act or on the merits, then their claims against Citibank also fail.

## ARGUMENT

### I. CITIBANK COMPLIED WITH ITS CONTRACTS.

Citibank complied with the FAA and account control agreements. When the FBI requested that Citibank freeze funds following "credible information" of possible crimes, JA100, Citibank temporarily did so consistent with its fiduciary obligations to "act at all times in the best interests of the United States." JA2129 § 5.A. And when EPA and Treasury directed Citibank to pause disbursements, Citibank complied, consistent with its obligation to "comply with all lawful instructions or directions received from Treasury" and "implement account controls" imposed by EPA. JA2129 § 5.B.iv, JA2147 § I.B.

Plaintiffs' breach-of-contract argument depends on their contention that Citibank was somehow required to ignore its obligations under the FAA, ignore its status as an agent and fiduciary of the government, and instead comply with Plaintiffs' disbursement requests under the account control agreements—which its principal was telling it not to honor. That makes no sense, as a matter of contract or agency law.

Contracts executed among similar parties concerning the same transactions and subject matter are read in tandem when doing so is consistent with the parties'

2

*ex ante* expectations. *See* Restatement (Second) of Contracts § 202(2) (1981). That is particularly true here, where the account control agreements acknowledge Citibank's status as "a financial agent of the United States," JA71, and Plaintiffs' grant agreements reference the FAA, *see* JA1076, JA1079.

As a matter of agency law, it blinks reality for Plaintiffs to contend they had no idea Citibank would be constrained by its agency agreement with the government. Plaintiffs were fully aware of the existence of the FAA. *Id*. And "anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority." *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384 (1947). Plaintiffs also cannot dispute that the FAA speaks to the withdrawal of funds: The FAA says that each recipient can access funds only "subject to … the conditions and restrictions detailed in this Exhibit A." JA2145 § I.A.1.iv.

It makes no difference that the account control agreements contain a merger clause. Merger clauses do not by themselves dispose of related agreements, and courts "find it improvident to treat the merger clause as a blanket extinguishment of prior contractual provisions absent definitive language to the contrary." *Crye Precision LLC v. Bennettsville Printing*, 2019 WL 6388636, at *6 (E.D.N.Y. Aug. 13, 2019); *Long Side Ventures LLC v. Adarna Energy Corp.*, 2014 WL 4746026, at *6 (S.D.N.Y. Sept. 24, 2014).

3

Plaintiffs also cannot avoid Section 6(b) of the account control agreements, which forecloses "any liability" for Citibank "not performing any act or fulfilling any obligation hereunder by reason of … any act of any governmental authority." JA74 § 6.b. Plaintiffs argue they are seeking only prospective relief, not to hold Citibank "liable," Pls.Br. 53, but that argument fails: "[w]ithout liability there would be no basis for injunctive relief." *Franklin v. D.C.*, 163 F.3d 625, 630 (D.C. Cir. 1998).

## II. CLAIMS AGAINST CITIBANK SHOULD NOT BE SEVERED FROM CLAIMS AGAINST THE GOVERNMENT.

The Court should reject Plaintiffs' attempt to pursue litigation against Citibank alone, even if their claims against the government fail. Pls.Br. 56. It makes little sense to allow claims against an agent to proceed when claims against the principal have been dismissed, whether for jurisdictional reasons or otherwise. The doctrine of derivative sovereign immunity is intended to avoid that awkward result: Claims against a government agent like Citibank, who did no more than take actions at the direction of the government, are barred. *In re O.P.M. Data Sec. Breach Litig.*, 928 F.3d 42, 69 (D.C. Cir. 2019). Plaintiffs suggest that immunity disappears because the government may have waived immunity "in a different forum," Pls.Br. 55, but that is wrong. If the government is immune from suit in this Court, then Citibank is too, for the simple reason that Citibank did nothing more than follow the government's instructions. To hold otherwise would allow plaintiffs to subvert the

4

government's sovereign immunity by pursuing claims against an agent that they could not pursue against the government itself.

There is also no merits basis for severing these claims: Plaintiffs' claims against Citibank are derivative of their claims against the government. Citibank did nothing more than comply with government instructions that Plaintiffs contend were not "lawful." Pls.Br. 54. Their breach-of-contract arguments thus rise and fall with the merits of their claims against the government. And if Plaintiffs are barred by the Tucker Act from obtaining a judicial order invalidating the government's instructions, then Citibank must follow those instructions under the FAA, and any breach-of-contract claim fails.

Dated: May 15, 2025

Respectfully submitted,

*/s/ K. Winn Allen*
K. Winn Allen, P.C.
  *Counsel of Record*
Joseph C. Schroeder
Kirkland & Ellis LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: 202.389.5078
winn.allen@kirkland.com

**Attorney For Defendant-Appellant Citibank, N.A.**

5

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and this Court's April 28, 2025 order because it contains 1,018 words, excluding the parts of the brief exempted by Fed. R. App. P 32(f), as counted using the word-count function on Microsoft Word software. When combined with the brief of the government appellants, this totals to less than the 6,500 words permitted by the April 28, 2025 order.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

May 15, 2025                                                        */s/ K. Winn Allen*
                                                                              K. Winn Allen

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

May 15, 2025                                          */s/ K. Winn Allen*
                                                      K. Winn Allen