May 19, 2025

Adam G. Unikowsky
Tel  +1 202 639 6041
Fax +1 202 661 4925
aunikowsky@jenner.com

Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue, NW
Washington, D.C. 20001

      Re: *Climate United Fund, et al. v. Citibank, N.A.*, No. 25-5122

Dear Mr. Cislak:

On behalf of the private plaintiffs-appellees in the above-captioned case, I write to address a point made by EPA during rebuttal argument.  EPA did not previously articulate this point during opening argument and did not clearly advance it in its briefs.

During rebuttal, EPA explained the "contract defense" it anticipated offering to support termination under the grants.  It also acknowledged that its "contract defense" theory could oust the district court's jurisdiction only if EPA's contract-based argument is "colorable."  Although the raising of a "defense" based on a contractual termination right does not, in any event, defeat Article III jurisdiction over non-contract claims, *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 969 (1982), here the defense newly articulated on rebuttal is not colorable.

According to EPA's explanation on rebuttal, the original August 2024 version of the grant incorporated EPA's General Terms and Conditions, which permitted EPA to terminate based on changed agency priorities.  In support of this argument, EPA pointed to the following language in the August 2024 grant: "EPA agrees to make the following clarifications to the EPA General Terms and Conditions.  These clarifications expand on, rather than replace or modify, the EPA General Terms and Conditions." JA551.  According to EPA, this passage means that the original grant agreement included a right to terminate based on agency priorities, unlike the December 2024 version of the grant agreement, which does not permit termination on this ground.  EPA also contended that this change reflects a substantive amendment that was not supported by consideration.

EPA's new argument to support its position is not colorable.  There was no change to the termination provision between August 2024 and December 2024.  Neither applied the General Terms and Conditions.

EPA's argument is foreclosed by contractual language appearing on the page of the original grant agreement that immediately follows the page cited by EPA.  On that page, the provision entitled "Termination" provides: "***Notwithstanding the General Term and Condition 'Termination,'*** EPA maintains the right to terminate the Assistance Agreement ***only*** as specified in 2 CFR 200.339 and the version of 2 CFR 200.340 applicable to EPA grants as of July 1, 2024, pursuant to 89 FR 55262 (July 3, 2024)."  JA552 (emphasis added).  Therefore, the termination provision of EPA's General Terms and Conditions did not apply under the August 2024 grant terms.

Rather, the August 2024 grants looked to the "version of 2 CFR 200.340 applicable to EPA grants as of July 1, 2024, pursuant to 89 FR 55262 (July 3, 2024)."  That refers to the ***revised*** version of 2 CFR 200.340, which generally went into effect on October 1, 2024, unless agencies adopted the revised regulation earlier.  That is what EPA did in the July 2024 regulation that EPA cited in the August 2024 grant, namely, "89 FR 55262."  *See* Applicability Date for the Office of Management and Budget's Regulatory Revisions, 89 Fed. Reg. 55,262 (July 3, 2024) ("OMB made the changes effective October 1, 2024, but authorized Federal agencies to apply the changes to Federal awards issued prior to October 1, 2024 … EPA has decided to apply the revised version of 2 CFR 200.340 to EPA financial assistance agreements awarded or amended to add funds on or after July 1, 2024.").  Given that the revised version of 2 CFR 200.340 governed the original grant agreement "[n]otwithstanding" the General Terms and Conditions, the original grant agreement did not permit termination based on agency priorities.

The December 2024 version of the grant states: "EPA reserves the right to terminate the Assistance Agreement only as specified in 2 CFR 200.339 and the version of 2 CFR 200.340 effective as of October 1, 2024."  JA1910.  Thus, the August 2024 termination provision and the December 2024 termination provision are substantively identical.  Neither permits EPA to terminate based on changed agency priorities.

Plaintiffs-Appellees argued in their appellate brief that the two termination provisions were substantively identical.  *See* Plaintiffs-Appellees' Br. 5.  They also made this argument in their briefing below, going as far as to include a redline of the two provisions.  *See* Reply in Support of Mot. for Preliminary Injunction at 14, D.D.C. Case No. 25-cv-698, ECF No. 53 (Mar. 28, 2025).

Sincerely,

*/s/ Adam Unikowsky*
Adam Unikowsky