

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7264
Washington, DC 20530

Yaakov M. Roth  (202) 514-3301
yaakov.m.roth@usdoj.gov

May 20, 2025

Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue, NW
Washington, D.C. 20001

Re:  *Climate United Fund v. Citibank, N.A.*, No. 25-5122 (oral argument held May 19, 2025)

Dear Mr. Cislak:

  The government respectfully submits this letter in response to plaintiffs' letter submitted yesterday, which addresses a colloquy during rebuttal regarding how EPA might defend in the Court of Federal Claims against an allegation that it breached the grant agreements by terminating them. Those issues are premature at this time, and plaintiffs' letter only reinforces the contractual nature of this dispute.

  As EPA explained in its briefs and reiterated at oral argument, EPA maintains that the terminations comported with the grant agreements' terms and conditions and so did not amount to a breach of contract. Opening Br. 7, 9-10; Reply 5, 23. But as EPA noted at oral argument, these arguments are premature at this juncture. EPA will fully develop its contract defenses if contract claims are asserted in the Court of Federal Claims. For now, it suffices to observe that plaintiffs' fine-grained parsing of multiple contract provisions, including the termination clause—which, contrary to plaintiffs' letter, *did* change when the grant agreements were amended (JA585; *see also* JA710-14; Opening Br. 9-10)—underscores that this dispute arises out of the parties' contracts and therefore that the district court lacked jurisdiction. The validity and effect of the December 2024 amendments present quintessential contract questions that the district court cannot answer.

Insofar as undersigned counsel tentatively agreed during rebuttal that a colorable contract defense is necessary to give the Court of Federal Claims exclusive jurisdiction, that response was incorrect and is respectfully withdrawn. The Tucker Act inquiry relies on the nature of the *plaintiff's* claim, not the *defendant's* response. The test under *Megapulse v. Lewis* asks whether the plaintiff's rights arise from a contract, and whether the remedy sought (or that would be appropriate) is contractual. 672 F.2d 959, 967-71 (D.C. Cir. 1982). If the answer is yes—as is true here—it does not matter whether the defendant has a colorable basis for denying that a breach of the contract occurred; that affects only the government's likelihood of success in the Court of Federal Claims.

In short, while EPA has a viable contract defense in this case and will advance that defense vigorously at the proper time in the proper forum, that is irrelevant to the jurisdictional question before the Court. As explained in the government's briefing and at oral argument, plaintiffs' only real claims sound in contract, and the district court lacked jurisdiction to enjoin EPA from terminating the grant agreements.

Sincerely,

*/s/ Yaakov M. Roth*
Yaakov M. Roth