

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7264
Washington, DC 20530

Yaakov M. Roth (202) 514-3301
yaakov.m.roth@usdoj.gov

June 6, 2025

Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue, NW
Washington, D.C. 20001

Re: *Climate United Fund v. Citibank, N.A.*, No. 25-5122 (oral argument held May 19, 2025)

Dear Mr. Cislak:

  The government writes to inform the Court of a recent letter it received from counsel for one of the plaintiffs in the above-captioned matter. The stated purpose of the letter is to ensure that EPA and Citibank "adhere to their obligations under the District Court's preliminary injunction and the rules of appellate procedure following the panel's forthcoming decision." Letter 1. The letter then informs EPA and Citibank that, "whatever the outcome of that decision," they must comply with the district court's preliminary injunction "unless the panel orders an immediate stay of the injunction." *Id.* The letter further makes clear that, in plaintiffs' view, if the current administrative stay is not extended (or the district court's injunction not otherwise stayed), Citibank will "immediately be obligated to disburse all funds already subject to properly made disbursement requests and instructions." *Id.*

  As the government has previously noted, *see* Stay Motion at 11-13, plaintiffs have submitted disbursement requests (which include requests submitted while this Court's administrative stay has been in effect) totaling hundreds of millions of dollars. In addition, several of the plaintiffs have submitted further disbursement requests *after* this Court issued an administrative stay in this case on April 16, 2025.

  The government disagrees with plaintiff's reading of this Court's April 28, 2025, order extending the administrative stay, insofar as plaintiffs suggest that the administrative stay will automatically dissolve upon the issuance of this Court's

decision. Under this Court's order, the administrative stay shall "remain in effect pending further order of the court." A decision on the district court's preliminary injunction would not, by its mere issuance, qualify as an order dissolving the administrative stay. Nevertheless, in light of plaintiff's representations and to avoid the possibility that Citibank will be pressured to pay out grant funds the government will be unable to later recover, the government respectfully requests that this Court either specify in its decision that its administrative stay remain in effect until the mandate issues or enter a new stay of the district court's preliminary injunction order when it issues its decision in this case to forestall irreparable harm.

                                        Sincerely,

                                        */s/ Yaakov M. Roth*
                                        Yaakov M. Roth

Enclosure



155 Seaport Boulevard
Boston, MA 02210-2600

617-832-1000 main
617-832-7000 fax

Beth C. Neitzel
155 Seaport Boulevard
Boston, MA 02210-2600
2022617325 direct
617-832-7000 Fax
bneitzel@foleyhoag.com

May 30, 2025

K. Winn Allen
Kirkland & Ellis LLP 1301 Pennsylvania
Avenue, NW Washington, DC 20004 202-
879-5000 202-879-5078 202-654-9648
winn.allen@kirkland.com

Yaakov Roth
U.S. Department of Justice
Civil Division, Corporate/Financial Section
P.O. Box 875 Ben Franklin Station
Washington D.C. 20044-0875
yaakov.m.roth@usdoj.gov

Re: *Climate United Fund v. Citibank, N.A.*, Case No. 25-5122 (D.C. Cir.)

Dear Counsel:

I write on behalf of my client, Power Forward Communities, Inc. ("PFC"), to ensure that Citibank and EPA ("Defendants") adhere to their obligations under the District Court's preliminary injunction and the rules of appellate procedure following the panel's forthcoming decision in the above-referenced case. In sum, whatever the outcome of that decision, unless the panel orders an immediate stay of the injunction, Defendants will remain enjoined from effectuating the March 11, 2025 Notices of Termination, transferring funds out of any accounts at Citibank containing Plaintiffs' funds, and otherwise interfering with Plaintiffs' grants, including by issuing a purported Notice of Exclusive Control or terminating the Financial Agency Agreement. *See* Preliminary Injunction Order, Apr. 15, 2025, Dkt. 80.

The only hindrance to the District Court's injunction at present is the administrative stay the Circuit panel imposed on April 16, 2025, which by its terms remains in place "pending further order of the Court." As relevant now, that order stays the District Court's preliminary injunction only to the extent that the injunction "enables or requires Citibank to release, disburse, transfer, otherwise move, or allow access to funds." In all other respects, the District Court's preliminary injunction remains in force.

In the event the panel affirms the District Court's injunction and dissolves the administrative stay, the District Court's preliminary injunction will immediately take full effect, and Defendants will again be barred from interfering with Plaintiffs' access to their funds. Citibank will thus immediately be obligated to disburse all funds already subject to properly made disbursement requests and instructions.

In the event the panel vacates the District Court's injunction, the status quo will persist until the mandate issues, during which time Defendants will remain enjoined from, among

other things, causing a transfer of Plaintiffs' funds, purporting to issue a Notice of Exclusive Control, or terminating the Financial Agency Agreement. The District Court's order remains in effect until the mandate issues. *See Uline v. Uline*, 205 F.2d 870, 872 (D.C. Cir. 1953). Pursuant to Federal Rule of Appellate Procedure 41, the mandate in this case will not issue until seven days after either the court denies a timely petition for *en banc* review or the period for seeking *en banc* rehearing expires. *See also* D.C. Circuit Rule 41(a)(1).

Defendants are advised that, in the event of a panel decision in Defendants' favor, PFC will promptly move for *en banc* rehearing, including by seeking an emergency order from the *en banc* court to maintain the status quo should the panel issue a stay of the injunction that takes immediate effect. Defendants should undertake no action that could interfere with the *en banc* court's jurisdiction before the court has an opportunity to rule.

    Sincerely,

    Beth C. Neitzel
    Foley Hoag LLP
    155 Seaport Boulevard
    Boston, MA 02210
    617-832-1000
    bneitzel@foleyhoag.com

cc:    Sophia Shams, sophia.shams@usdoj.gov
       Gerard Sindzak, gerard.j.sinzdak@usdoj.gov
       Sharon Swingle, sharon.swingle@usdoj.gov
       Marc S. Sacks, marcus.s.sacks@usdoj.gov
       Kevin P. VanLandingham, kevin.p.vanlandingham@usdoj.gov