

U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7264
Washington, DC 20530

Yaakov M. Roth  (202) 514-3301
yaakov.m.roth@usdoj.gov

July 3, 2025

Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue, NW
Washington, D.C. 20001

Re: *Climate United Fund v. Citibank, N.A.*, No. 25-5122 (oral argument held May 19, 2025)

Dear Mr. Cislak:

  The government writes to inform the Court of new legislation that has been enacted and, if signed, would fully repeal the Greenhouse Gas Reduction Fund (GGRF) and rescind all unobligated funds appropriated for it. Specifically, the law would repeal "Section 134 of the Clean Air Act (42 U.S.C. 7434)," which created and funded the GGRF. H.R. 1, 119th Cong. (2025), Section 60002 (copy attached). The bill also provides that "the unobligated balances of amounts made available to carry out that section (as in effect on the day before the date of enactment of this Act) are rescinded." *Id.*

  The legislative record confirms that Congress sought to do away with the GGRF for many of the same reasons that EPA detailed in its termination notices, and to rescind the deobligated funds at issue in this litigation. Senator Capito, Chair of the Senate Environment and Public Works Committee, explained that Congress was aware that the EPA "acted on March 11, 2025, to terminate all grants awarded under" the GGRF program; that, "[a]s a result, approximately $17 billion has been deobligated"; and that "[i]t is the intent of Congress that the entirety of this $17 billion . . . be rescinded." 171 Cong. Rec. S4080. "This action reflects not only Congress's deep concern with reducing the deficit, but EPA's administration of the GGRF under the Biden Administration, the Agency's selection of grant recipients, and the absence of meaningful program oversight." *Id.*

Because plaintiffs' statutory (and constitutional) claims rested on the provision that Congress has now voted to repeal, and because the bill, if signed into law, would rescind the appropriated funds that plaintiffs sought to reinstate through this action, it is more clear than ever that the district court's preliminary injunction must be reversed.

Sincerely,

*/s/ Yaakov M. Roth*
Yaakov M. Roth

Enclosure

*water storage facilities, in a manner as determined by the Secretary of the Interior, acting through the Commissioner of Reclamation: Provided, That, for the purposes of section 203 of the Reclamation Reform Act of 1982 (43 U.S.C. 390cc) or section 3404(a) of the Reclamation Projects Authorization and Adjustment Act of 1992 (Public Law 102–575; 106 Stat. 4708), a contract or agreement entered into pursuant to this section shall not be treated as a new or amended contract: Provided further, That none of the funds provided under this section shall be reimbursable or subject to matching or cost-sharing requirements.*

# TITLE VI—COMMITTEE ON ENVIRONMENT AND PUBLIC WORKS

**SEC. 60001. RESCISSION OF FUNDING FOR CLEAN HEAVY-DUTY VEHICLES.**

*The unobligated balances of amounts made available to carry out section 132 of the Clean Air Act (42 U.S.C. 7432) are rescinded.*

**SEC. 60002. REPEAL OF GREENHOUSE GAS REDUCTION FUND.**

*Section 134 of the Clean Air Act (42 U.S.C. 7434) is repealed and the unobligated balances of amounts made available to carry out that section (as in effect on the day before the date of enactment of this Act) are rescinded.*



A motion to commit the bill to the committee on Finance to strike any provision that would increase the likelihood of rural hospitals being forced to close, convert, or reduce or stop providing services, including emergency care, mental and behavioral health care, and labor and delivery services in the West region (Alaska, Arizona, California, Colorado, Hawaii, Idaho, Montana, Nevada, New Mexico, Oregon, Utah, Washington, and Wyoming).

A motion to commit the bill to the committee on Finance to make sure no monies are taken from critical access hospitals, skilled nursing facilities, community health centers, or certified community behavioral health centers in the Northeast region (Northeast region: Connecticut, Maine, Massachusetts, New Hampshire, New Jersey, New York, Pennsylvania, Rhode Island, and Vermont).

A motion to commit the bill to the committee on Finance to make sure no monies are taken from critical access hospitals, skilled nursing facilities, community health centers, or certified community behavioral health centers in the Midwest region (Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota, and Wisconsin).

A motion to commit the bill to the committee on Finance to make sure no monies are taken from critical access hospitals, skilled nursing facilities, community health centers, or certified community behavioral health centers in the South region (Alabama, Delaware, Florida, Georgia, Kentucky, Louisiana, Maryland, Mississippi, North Carolina, Oklahoma, South Carolina, Virginia, Tennessee, Texas, Virginia, the District of Columbia, and West Virginia).

A motion to commit the bill to the committee on Finance to make sure no monies are taken from critical access hospitals, skilled nursing facilities, community health centers, or certified community behavioral health centers in the West region (Alaska, Arizona, California, Colorado, Hawaii, Idaho, Montana, Nevada, New Mexico, Oregon, Utah, Washington, and Wyoming).

### H.R. 1

Mrs. CAPITO. Mr. President, as chairman of the Senate Environment and Public Works Committee, I rise to explain Congress's intent regarding enactment of section 60002 of Senate Amendment 2360 to H.R. 1, the One Big Beautiful Bill Act, OBBBA.

Section 60002 both repeals Section 134 of the Clean Air Act which established the Greenhouse Gas Reduction Fund—GGRF—and rescinds all unobligated funds that were appropriated to carry it out.

Section 134 of the Clean Air Act was established in section 60103 of the Inflation Reduction Act, IRA (Public Law 117–169). Section 60103 appropriated $27 billion to implement the GGRF nearly three times the annual appropriation for the entire EPA. Of this amount, $19.97 billion was appropriated pursuant to paragraphs (2) and (3) of subsection (a)—to finance greenhouse gas reduction initiatives.

In passing section 60002 of the OBBBA, Congress is aware that the Environmental Protection Agency—EPA—acted on March 11, 2025, to terminate all grants awarded under the programs established in paragraphs (2) and (3) of section 60103 of IRA. As a result, approximately $17 billion has been deobligated from these two programs. It is the intent of Congress that the entirety of this $17 billion—every dollar that is unobligated from the section 60103 of the IRA—be rescinded.

Title VI of the OBBA includes rescissions from other IRA programs. But section 60002, addressing the GGRF, is the only provision in title VI that both rescinds all unobligated funding and repeals the relevant IRA section in full. This action reflects not only Congress's deep concern with reducing the deficit, but EPA's administration of the GGRF under the Biden administration, the Agency's selection of grant recipients, and the absence of meaningful program oversight.

I wrote to then EPA Administrator Michael Regan in December 2024, highlighting the risk of waste, fraud, and abuse in the GGRF program, given the Agency's admitted rush to award grants prior to the change in administration.

According to EPA Administrator Lee Zeldin, a recipient of $2 billion of GGRF funding reported only $100 in revenue the year before receiving its grant, meaning the Federal grant was 20 million times the organization's annual revenue. And the Washington Free Beacon reported that $5 billion went to the former employer of the EPA official then serving as director of the GGRF program.

Unlike the bipartisan Infrastructure Investment and Jobs Act, the IRA provided no resources to EPA's Inspector General to exercise independent oversight on program funds. EPA's Acting Inspector General expressed concern with the GGRF, noting in testimony to the House Energy and Commerce Committee that the program's use of a financial agent to award funds was new to the EPA and that "using third-party entities to determine how to distribute billions of dollars to additional pass-through entities reduces the Agency's control over and visibility of how the funds are spent. Furthermore, it complicates efforts to ensure compliance, manage financial risks, prevent fund misuse, and measure the outcomes of funded projects."

Given these concerns, Congress decided to enact section 60002 to terminate the GGFR program by repealing its organic statute and rescinding all unobligated funds, including funds that had been obligated but were subsequently deobligated.

Congress agrees with EPA's March 11, 2025, action to cancel GGRF grants. EPA has indicated in court filings that, absent action by Congress, it is required to reobligate all funding from the GGRF that is deobligated through the cancellation of grants. By both repealing Section 134 of the Clean Air Act and rescinding all unobligated funding for the program, section 60002 of the OBBA makes clear that Congress does not want the GGRF program to continue and does not want funding to be reobligated. Instead, Congress intends that all funding that was deobligated from the GGRF program by EPA's March 11, 2025, cancellation of grant awards be rescinded, and not returned to the original GGRF grantees or reobligated.

### H.R. 1

Ms. HASSAN. Mr. President, I ask unanimous consent that the following motion to commit for the bill H.R. 1 be placed in the CONGRESSIONAL RECORD:

A motion to commit the bill H.R. 1 to the Committee on Finance of the Senate with instructions to report the same back to the Senate in 3 days, not counting any day on which the Senate is not in session, with changes that—

(1) are within the jurisdiction of such committee; and

(2) would protect families and small businesses from cost increases by ending the trade war with Canada.

### H.R. 1

Mr. LUJÁN. Mr. President, I ask unanimous consent that the following motions to commit for the bill H.R. 1 be placed in the CONGRESSIONAL RECORD:

1. Motion to commit to the Committee on Agriculture, Nutrition, and Forestry with instructions to strike all provisions relating to the supplemental nutrition assistance program.

2. Motion to commit the bill to the Committee on Agriculture, Nutrition, and Forestry to prohibit the Forest Service from terminating any USFS employees who are certified to fight wildfire unless the employee violated Forest Service policy.

3. Motion to commit the bill to the committee on Judiciary to provide increased resources for the COPS Hiring Program.

4. Motion to Commit drafted to the Finance Committee to provide greater incentives for US-based manufacturers that develop and manufacture their products in the United States.

5. Motion to commit to the Finance Committee that ensures Medicaid is accessible, including to pregnant women and children, including by not providing monies or incentives for imposing barriers that reduce necessary access to health care

6. Motion to commit providing more Medicaid resources for people with substance use disorder and other behavioral health conditions

7. Motion to Commit to the Finance Committee to increase the standard deduction for individuals making $200k and married/joint filers at $400K

8. Motion to commit the bill to the Committee on Homeland Security and Government Affairs to prohibit the use of any funds made available in the bill to eliminate or reduce resources at FEMA.

9. A motion to commit the bill to the Committee on Homeland Security and Government Affairs to prohibit the use of any funds made available in the bill to decrease access to the Nonprofit Security Grant Program.

10. Motion to commit the bill to the Committee on Homeland Security and Government Affairs to prohibit the use of any funds made available in the bill to activities that would limit access to firefighter grants

11. Motion to commit the bill to Energy and Natural Resources to ensure that the title prevents the sale of oil and gas from