

155 Seaport Boulevard
Boston, MA 02210-2600

617-832-1000 main
617-832-7000 fax

Beth C. Neitzel
155 Seaport Boulevard
Boston, MA 02210-2600
2022617325 direct
617-832-7000 Fax
bneitzel@foleyhoag.com

July 7, 2025

Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue, NW
Washington, D.C. 20001

> Re:   *Climate United Fund v. Citibank, N.A.*, No. 25-5122 (oral argument held May 19, 2025)

Dear Mr. Cislak:

We write in response to the government's letter dated July 3, 2025. Section 60002 does not support the government's position. EPA's action must be set aside because it violated the Constitution, the IRA, federal regulations, and the APA. Section 60002 does not change that.

*First*, EPA's actions were illegal when they occurred, and Section 60002 does not retroactively validate them. "[C]ourts read laws as prospective in application unless Congress has unambiguously instructed retroactivity." *Vartelas v. Holder*, 566 U.S. 257, 266 (2012). Here, Congress did not unambiguously instruct retroactivity.

*Second*, Section 60002 does not prospectively empower EPA to dismantle the grant program. The statute recites that "the *unobligated* balances of amounts made available to carry out that section (as in effect on the day before the date of enactment of this Act) are rescinded" (emphasis added). Section 60002 does not purport to rescind already *obligated* funds—which were, in fact, *required* to be obligated by September 30, 2024. Indeed, a contrary reading would raise serious constitutional concerns under the Takings Clause.

*Finally*, as to Senator Capito, she herself explained that money like Plaintiffs' "that's already been obligated and out the door, that's a decision that's final."

Q&A: Sen. Capito, incoming EPW chair (Nov. 20, 2024).[1] Indeed, she said of the suggestion that legislation might "claw back money": "That's a ridiculous thought." *Id.* Consistent with that statement and the statutory text, the Congressional Budget Office estimated that Section 60002 would lead to only a $19 million cost savings.[2]

In sum, Section 60002 does not affect Plaintiffs' claims, given that all their funds were and are obligated. *See Amoco Prod. Co. v. Fry*, 118 F.3d 812, 815-16 (D.C. Cir. 1997) (repeal of provision relating to oil and gas royalties did not affect lessors' rights because repeal applied only to new oil and gas production).

Respectfully submitted,

/s/ *Vincent Levy*
Vincent Levy
HOLWELL SHUSTER &
GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
Tel.: (646) 837-5151
vlevy@hsgllp.com

*Attorney for Plaintiff-Appellee Coalition for Green Capital*

/s/ *Adam G. Unikowsky*
Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Avenue, Suite 900
Washington, D.C. 20001
Tel.: (202) 639-6000
Fax: (202) 639-6066
aunikowsky@jenner.com

*Attorney for Plaintiff-Appellee Climate United Fund*

/s/ *Beth C. Neitzel*
Beth C. Neitzel
FOLEY HOAG LLP
155 Seaport Boulevard, Suite 1600
Boston, MA 02210
Tel. (617) 832-1000
bneitzel@foleyhoag.com

*Attorney for Plaintiff-Appellee Power Forward Communities*

/s/ *Jay C. Johnson*
Jay C. Johnson
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
Tel.: (202) 344-4000
jcjohnson@venable.com

*Attorney for Plaintiff-Appellee Inclusiv, Inc.*

---

[1] https://www.capito.senate.gov/news/in-the-news/qanda-sen-shelley-moore-capito-incoming-epw-chair.

[2] https://www.cbo.gov/publication/61534 (Section 60002, "Title VI" tab).

/s/ *David J. Zimmer*
David J. Zimmer
ZIMMER, CITRON & CLARKE LLP
130 Bishop Allen Drive
Cambridge, MA 02139
Tel.: (617) 676-9421
dzimmer@zimmercitronclarke.com

*Attorney for Plaintiff-Appellee Justice Climate Fund*