1099 NEW YORK AVENUE, NW, SUITE 900, WASHINGTON, DC 20001-4412

JENNER&BLOCK LLP

August 25, 2025

Adam G. Unikowsky
Tel +1 202 639 6041
Fax +1 202 661 4925
aunikowsky@jenner.com

Clifton B. Cislak
Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue, NW
Washington, DC 20001

Re: *Climate United Fund, et al. v. Citibank, N.A.*, No. 25-5122

Dear Mr. Cislak:

Pursuant to FRAP 28(j), I write on behalf of the *Climate United* private plaintiffs regarding *NIH v. American Public Health Association*, No. 25A103 (U.S. Aug. 21, 2025).

*NIH* arose from the NIH's decision to (1) issue guidance stating it would no longer fund certain activities, and (2) terminate grants pursuant to that guidance. The district court vacated both the guidance and the terminations, finding them arbitrary and capricious. The Supreme Court stayed the order as to the terminations but not the guidance.

*NIH* differs from this case because the district-court order effectively required the government to pay money. As Justice Gorsuch states (at 3-4): "[R]espondents' injury and alleged right to payment stem from the government's refusal to pay promised grants according to the terms and conditions that accompany them." Here, by contrast, the money has long been in Plaintiffs' accounts.

*NIH* also differs because the district court ruled that the government arbitrarily and capriciously breached the grant's terms—not that it violated statutes, regulations, or the Constitution. The Court states (at 1) that the APA "does not provide the District Court with jurisdiction to adjudicate claims 'based on' the research-related grants." Justice Barrett's concurrence clarifies that a claim is "based on" a grant if it alleges an arbitrary and capricious *breach*. It emphasizes (at 4 n.1) that the CFC "has the authority to fully adjudicate the claims over which it has jurisdiction. If the CFC concludes that the Government breached a grant agreement, it may award relief to the grantee." Thus, if the CFC *lacks* jurisdiction—as with the constitutional, statutory and regulatory claims here—the claim may go to district court, regardless of its relationship to a grant.

CENTURY CITY    CHICAGO    LONDON    LOS ANGELES    NEW YORK    SAN FRANCISCO    WASHINGTON, DC            JENNER.COM

Page 2

      This analysis is confirmed by the Court's denial of a stay as to the guidance. The guidance and the grants were intertwined: Plaintiffs' grants were terminated pursuant to the guidance, so vacating the guidance would necessarily imply that the regulatory basis for the terminations was unlawful. Nevertheless, because a claim challenging the guidance could not be brought in the CFC, the Court held it belonged in district court.

Sincerely,

Jenner & Block LLP

By:     /s/ Adam Unikowsky
        Adam Unikowsky