

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7264
Washington, DC 20530

Yaakov M. Roth (202) 514-3301
yaakov.m.roth@usdoj.gov

August 28, 2025

Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue, NW
Washington, D.C. 20001

Re: *Climate United Fund v. Citibank, N.A.*, No. 25-5122 (oral argument held May 19, 2025)

Dear Mr. Cislak:

The government writes to respond to plaintiff's letter regarding *NIH v. American Public Health Association*, No. 25A103 (U.S. Aug. 21, 2025), in which the Supreme Court stayed a district court judgment "vacating the Government's termination of various research-related grants" because the "Administrative Procedure Act's limited waiver of sovereign immunity does not provide the District Court with jurisdiction to adjudicate claims based on the research-related grants or to order relief designed to enforce any obligation to pay money pursuant to those grants." *NIH*, slip op. at 1 (quotation marks omitted).

The Supreme Court's decision in *NIH* underscores that plaintiffs' challenge to the EPA's terminations of the grant agreements belongs in the Court of Federal Claims, not district court. Like in *NIH*, "[t]he core of plaintiffs' suit alleges that the Government unlawfully terminated their grants. That is a breach of contract claim" that "must be brought in the Court of Federal Claims, not federal district court." *NIH*, slip op. at 1 (Kavanaugh, J., concurring). Furthermore, the district court's "order vacating the government's decision to terminate grants under the APA is in every meaningful sense an order requiring the government to pay those grants." *Id.* at 3 (Gorsuch, J., concurring). Plaintiffs' contention otherwise stems from the misunderstanding that the funds in the Citibank accounts already belong to plaintiffs. Br. 25-26; Reply 1-2, 7-9.

Equally unavailing is plaintiffs' attempt to distinguish *NIH* because it involved arbitrary-and-capricious claims under the APA rather than contrary-to-law claims under the APA. *NIH* did not depend on any such distinction; rather it recognized that the Tucker Act likely preempts all APA claims challenging grant terminations. *NIH*, slip op. at 1; *see also id.* at 3 (Barrett, J., concurring).

The Supreme Court has now twice held that district courts likely lack jurisdiction over APA challenges to grant terminations. *See NIH*, No. 25A103 (U.S. Aug. 21, 2025); *Department of Education v. California*, 145 S. Ct. 966 (2025). These cases "bind[] lower courts" and "cannot be so easily circumvented." *NIH*, slip op. at 3 (Gorsuch, J., concurring). This Court should reverse the district court's preliminary injunction.

                                      Sincerely,

                                      /s/ *Yaakov M. Roth*
                                      Yaakov M. Roth