IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

CLIMATE UNITED FUND, *et al.*,

Plaintiffs-Appellees,

v.

CITIBANK, N.A., *et al.*,

Defendants-Appellants.

On Appeal from the United States District Court
for the District of Columbia

SUPPLEMENTAL REPLY BRIEF FOR THE UNITED STATES

BRETT A. SHUMATE
  *Assistant Attorney General*

YAAKOV M. ROTH
  *Principal Deputy Assistant
  Attorney General*

DANIEL TENNY
SOPHIA SHAMS
  *Attorneys, Appellate Staff
  Civil Division, Room 7213
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 514-2495*

# TABLE OF CONTENTS

**Page**

GLOSSARY

ARGUMENT ..................................................................................1

CONCLUSION...............................................................................7

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Petties ex rel. Martin v. D.C.,*
   662 F.3d 564 (D.C. Cir. 2011) ........................................................................ 2-3

*United States v. Barrow,*
   109 F.4th 521 (D.C. Cir. 2024) ....................................................................... 2

**Statutes:**

42 U.S.C. § 7434 ............................................................................ 1, 2, 3, 4, 5, 7

# GLOSSARY

| | |
|---|---|
| Environmental Protection Agency | EPA |
| Greenhouse Gas Reduction Fund | GGRF |
| One Big Beautiful Bill Act | OBBBA |

## ARGUMENT

Plaintiffs fail to show that their claims based on EPA's alleged violation of 42 U.S.C. § 7434 can continue to support the district court's preliminary injunction following Congress's repeal of that provision in the OBBBA. At bottom, plaintiffs' argument reduces to the remarkable position that EPA not only *could*, but was somehow *required*, to retain a grant program that Congress singled out for outright repeal. But because EPA cannot violate a statute that no longer exists, plaintiffs' statutory and related constitutional claims can longer sustain the preliminary injunction.

*First*, plaintiffs argue that the OBBBA rescinded only the "unobligated balances" of the funds appropriated by 42 U.S.C. § 7434, whereas their grant funds had already been obligated and thus were not rescinded. *See* Grantees' Supp. Br. 5-6; State Banks' Supp. Br. 3, 5-6. That misses EPA's point. The problem for plaintiffs is not that Congress *rescinded* their grant funds. The problem for plaintiffs is that Congress *repealed* the statute upon which they predicated their statutory and separation-of-powers challenges to EPA's termination of their grants. As EPA explained in its supplemental brief, a repealed statute cannot support ongoing injunctive relief, as a matter of law or equity.

*Second*, as to the repeal clause, plaintiffs emphasize that it operated only "prospectively" and was not meant to be "retroactive."  Grantees' Supp. Br. 2-4; *see also* State Banks' Supp. Br. 3-4.  Once again, plaintiffs miss the point.  EPA has never suggested the repeal retrospectively invalidated the original awards in 2024 or even retroactively adopted their termination in early 2025 (although it is clear from the legislative history that Congress agreed with EPA's concerns about the program's administration in singling out only this provision for outright repeal).  The important point, rather, is that even a purely "prospective" repeal means that plaintiffs can no longer rely on 42 U.S.C. § 7434 to support "prospective" injunctive relief.[1]

Put another way, given that "an appellate court must apply the law in effect at the time it renders its decision," *United States v. Barrow*, 109 F.4th 521, 527 n.3 (D.C. Cir. 2024), and that "continued enforcement of an order entered to remedy a violation of federal law is unnecessary and improper if there is no ongoing violation of federal law," *Petties ex rel. Martin v. D.C.*,

---

[1] Because EPA has not contended that the OBBBA's repeal of 42 U.S.C. § 7434 has any retroactive effect, there is no merit to the grantees' constitutional-avoidance argument based on an alleged Fifth Amendment Takings claim.  Grantees' Supp. Br. 4-5.  And in any event, constitutional avoidance would not be a basis to uphold the preliminary injunction, which was not premised on a Takings claim.

662 F.3d 564, 571 (D.C. Cir. 2011), prospective repeal is sufficient to resolve this appeal (as it relates to the claims predicated on the repealed statute). That is the core, independent function of the repeal clause: to eliminate any ongoing reliance on the statute—including by plaintiffs or courts.

For their part, plaintiffs continue to struggle to give any independent meaning to the repeal language. They suggest the repeal was necessary to ensure that "no future Congress can appropriate funds for GGRF grants without enacting new authorizing legislation." Grantees' Supp. Br. 4; States Banks' Supp. Br. 4. But that reading would give the repeal no real effect; new legislation would *always* have been needed to appropriate more funds for these programs. Section 7434 authorized and appropriated grant funds in a single legislative act, setting the expiration of funds for September 2024; any additional funding of grants after that date would have required an additional legislative act. Congress did not need to enact repeal legislation simply to stipulate to the obvious: that expanding the program would require new legislation.[2]

---

[2] To the extent plaintiffs imply that the Inflation Reduction Act is somehow entitled to greater weight than the OBBBA, that is nonsensical—both were appropriations laws enacted through reconciliation procedures and subject to the same rules.

*Third*, plaintiffs contend that even if they can no longer press claims based on alleged violations of 42 U.S.C. § 7434, they can still object that EPA had a "complete *absence* of authority" to terminate the grants. Grantees' Supp. Br. 10. That is not responsive to the Court's question, which inquired about the effect of the repeal on plaintiffs' claim that EPA "violated Section 60103 of the Inflation Reduction Act," 42 U.S.C. § 7434. Plaintiffs argued that the terminations were unlawful because the statute implicitly precluded EPA from terminating the grants and required EPA to continue operating the program. If the statute had that effect, as the Court asked the parties to presume, repealing it would eliminate any such requirement.

By asserting that EPA requires some separate affirmative authority to terminate, plaintiffs suggest a new default rule: even if Congress repeals the statutory authority for a program, the agency not only can but *must* continue to carry out the program. That position is astounding, and plaintiffs make no effort at all to justify it as a matter of principle or precedent. If anything, an agency generally needs statutory authority to *operate* a program, not to *end* it. Holding otherwise, as plaintiffs suggest, would be transformative for the separation of powers.

4

*Finally*, the State Banks (but not the grantees) argue that EPA has "forfeited" these arguments. State Banks' Supp. Br. 2. That is wrong. As soon as Congress enacted the OBBBA, the government submitted a letter to this Court explaining that the repeal made "more clear than ever that the district court's preliminary injunction must be reversed." Letter (July 3, 2025). EPA explained repeatedly in its en banc brief that the separation of powers could not "compel EPA to preserve billions of dollars of grants under a program that Congress has repealed," and thus that these claims "do not justify any injunction at this juncture." EPA En Banc Br. 20; *see also id.* at 23 (plaintiffs "cannot show that the terminations violated the now-repealed statute"); *id.* at 48 ("separation-of-powers concerns … most certainly cannot support the district court's injunction given Congress's repeal"); *id.* at 49 (similar); *id.* at 50 ("[T]he injunction is now wholly inappropriate given that the statutory provision upon which plaintiffs' separation-of-powers claim relies has been repealed …."). EPA reasserted the same points in its reply. *See* EPA En Banc Reply 4 ("Congress has since *repealed* the underlying statutory provision. The 'dismantling' claim thus fails on its own terms."); *id.* at 25 ("It would defy rather than vindicate separation-of-powers principles to require EPA to reinstate grants for a program that Congress repealed and

made clear it no longer wishes to fund.").  And EPA explained again at oral argument that "this remedy or any remedy … wouldn't really make sense if the goal of this claim is to vindicate what Congress wanted."  Oral Arg. Tr. 17.  In all events, the Court has requested supplemental briefing, leaving no reason to ignore the OBBBA's glaring impact on the continued vitality of the injunction.

*     *     *

Plaintiffs attack straw men and misunderstand the significance of the OBBBA.  That legislation did not itself terminate plaintiffs' grants.  Nor did it independently rescind the funds for plaintiffs' grants, which had already been terminated.  Nor did it eliminate any contract rights that plaintiffs may have had under their grant agreements.  Still, the prospective repeal of 42 U.S.C. § 7434 is fatal for plaintiffs' claims insofar as they seek injunctive relief based on EPA's alleged violation of that statute.  EPA cannot be flouting a statutory mandate that no longer exists.  Nor can EPA be seizing Congress's powers by dismantling a program that Congress chose to repeal. It is not more complicated than that.

**CONCLUSION**

The Court should vacate the preliminary injunction to the extent it is premised on a violation of 42 U.S.C. § 7434 or any derivative constitutional violation.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

YAAKOV M. ROTH
  *Principal Deputy Assistant
  Attorney General*

DANIEL TENNY

 */s/ Sophia Shams*
SOPHIA SHAMS
  *Attorneys, Appellate Staff
  Civil Division, Room 7213
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 514-2495*

March 2026

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit set by this Court's order of March 9, 2026, because it contains 1299 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in CenturyExpd BT-14 point font, a proportionally spaced typeface.

_/s/ Sophia Shams_
Sophia Shams

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system.  Service will be accomplished by the appellate CM/ECF system.

/s/ *Sophia Shams*
Sophia Shams