Nos. 25-5122, 25-5123

# United States Court of Appeals
## *for the*
## District of Columbia Circuit

_____

CLIMATE UNITED FUND,
COALITION FOR GREEN CAPITAL,
POWER FORWARD COMMUNITIES, INC.,
CALIFORNIA INFRASTRUCTURE AND
ECONOMIC DEVELOPMENT BANK, EFFICIENCY MAINE TRUST,
ILLINOIS FINANCE AUTHORITY, MINNESOTA CLIMATE INNOVATION
FINANCE AUTHORITY, JUSTICE CLIMATE FUND, and INCLUSIV, INC.
*Plaintiffs-Appellees*

v.

CITIBANK, N.A.,
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and
LEE ZELDIN, in his official capacity as ADMINISTRATOR, UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY,
*Defendants-Appellants*

_____

From the United States District Court for the District of Columbia
Case Nos. 1:25-cv-00698-TSC (Hon. Tanya S. Chutkan)
1:25-cv-00735-TSC (Hon. Tanya S. Chutkan)
1:25-cv-00762-TSC (Hon. Tanya S. Chutkan)
1:25-cv-00820-TSC (Hon. Tanya S. Chutkan)
1:25-cv-00938-TSC (Hon. Tanya S. Chutkan)
1:25-cv-00948-TSC (Hon. Tanya S. Chutkan)

_____

**PRIVATE APPELLEES' SUPPLEMENTAL REPLY BRIEF**

_____

Vincent Levy
  *Counsel of Record*
Kevin D. Benish
Daniel Fahrenthold
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
Tel.: (646) 837-5151
vlevy@hsgllp.com

*Attorneys for Plaintiff-Appellee Coalition for Green Capital*

Beth C. Neitzel
  *Counsel of Record*
Matthew F. Casassa
FOLEY HOAG LLP
155 Seaport Boulevard, Suite 1600
Boston, MA 02210
Tel.: (617) 832-1000
bneitzel@foleyhoag.com
mcasassa@foleyhoag.com

Noah C. Shaw
James M. Gross
FOLEY HOAG LLP
1301 Ave. of the Americas, 25th Floor
New York, NY 10019
Tel.: (212) 812-0400
ncshaw@foleyhoag.com
jgross@foleyhoag.com

*Attorneys for Plaintiff-Appellee Power Forward Communities*

Adam G. Unikowsky
  *Counsel of Record*
Kathryn L. Wynbrandt
David B. Robbins
Tanner J. Lockhead
JENNER & BLOCK LLP
1099 New York Avenue, Suite 900
Washington, D.C. 20001
Tel.: (202) 639-6000
Fax: (202) 639-6066
aunikowsky@jenner.com

Gabriel K. Gillett
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel.: (312) 222-9350
ggillett@jenner.com

Allison N. Douglis
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
Tel.: (212) 891-1600
Fax: (212) 891-1699
adouglis@jenner.com

*Attorneys for Plaintiff-Appellee Climate United Fund*

Jay C. Johnson
  *Counsel of Record*
VENABLE LLP
600 Massachusetts Ave. NW
Washington, DC 20001
Tel: (202) 344-4000
jcjohnson@venable.com

*Attorney for Plaintiff-Appellee Inclusiv, Inc.*

David J. Zimmer
  *Counsel of Record*
ZIMMER, CITRON & CLARKE LLP
130 Bishop Allen Drive
Cambridge, MA 02139
Tel.: (617) 676-9421
dzimmer@zimmercitronclarke.com

Eric F. Citron
Kathleen Foley
ZIMMER, CITRON & CLARKE LLP
1629 K. St. NW, Suite 300
Washington, D.C. 20006
Tel.: (202) 796-4540
ecitron@zimmercitronclarke.com
kfoley@zimmercitronclarke.com

*Attorneys for Plaintiff-Appellee Justice Climate Fund*

# TABLE OF CONTENTS

INTRODUCTION ..............................................................................................1

ARGUMENT ....................................................................................................2

CONCLUSION .................................................................................................6

i

# TABLE OF AUTHORITIES

**Cases**                                                                     **Page**

*FCC v. Consumers' Rsch.*,
606 U.S. 656 (2025)..................................................................4

*Landgraf v. USI Film Prods.*,
511 U.S. 244 (1994)..................................................................3

*Learning Res., Inc. v. Trump*,
146 S.Ct. 628 (2026)................................................................4

*In re Nofziger*,
925 F.2d 428 (D.C. Cir. 1991)................................................4

*Vartelas v. Holder*,
566 U.S. 257 (2012)................................................................2

*Whitman v. Am. Trucking Ass'ns*,
531 U.S. 457 (2001)................................................................4

# GLOSSARY OF TERMS

| Term or Abbreviation | Definition |
| --- | --- |
| CAA | Clean Air Act |
| EPA | Environmental Protection Agency |
| GGRF | Greenhouse Gas Reduction Fund |
| IRA | Inflation Reduction Act |
| OBBBA | One Big Beautiful Bill Act |

**INTRODUCTION**

The District Court held that EPA sought to dismantle congressionally mandated programs, violating federal law and the Constitution. EPA's argument is that the injunction entered to halt those violations cannot be affirmed because Congress has itself since dismantled those programs by enacting OBBBA §60002. But the statute's plain text says otherwise. Section 60002 neither retroactively validated EPA's illegal efforts to shut down the programs, nor gave EPA power to do so, nor "itself d[id] away with these programs," EPA Supp.Br. 4. To the contrary, §60002 *prospectively* repealed CAA §134 and revoked only *unobligated* administrative funds, thereby preserving the programs and grants.

EPA re-interprets §60002 as a retroactive statute that wipes out the very legal obligations Congress ordered EPA to complete by September 2024 and, in §60002, carefully preserved. EPA cannot rewrite a statute it does not like, just as it cannot eliminate a congressionally authorized program it does not like. As EPA acknowledges, if "there is no statute conferring authority, a federal agency has none." *Id.* at 7. EPA had zero statutory authority to cancel the programs before OBBBA, and still has none. Doing so would violate §60002, just as it does §134, which remains the pre-OBBBA law of the land. The agency's attempted dismantlement in 2025—*and* its threatened OBBBA-based future dismantlement—

1

are textbook statutory and separation-of-powers violations. An injunction remains necessary and appropriate.

## ARGUMENT

**1.** Plaintiffs' claims are simple. The IRA prescribed a mandatory $26.97 billion appropriation for grant programs, to be obligated by September 2024. EPA then "terminated [these] programs established through lawfully enacted congressional appropriations without any basis in statutory authority." JA995. That exceeded EPA's statutory authority—for it had no authority at all to shutter the programs—and usurped Congress's power of the purse.

EPA nowhere shows that §60002 altered this legal landscape. EPA was required to obligate the funds by September 2024, and EPA does not even try to show that OBBBA undid that requirement retroactively, let alone with the clear words needed to overcome the presumption against retroactivity. *Vartelas v. Holder*, 566 U.S. 257, 266 (2012). Nor does EPA try to show that OBBBA granted EPA authority to dismantle the programs. That should end the analysis, as it shows that Plaintiffs' statutory and constitutional claims stand.

**2.** EPA argues the injunction cannot be affirmed because it was intended to enforce §134, and §134 "is no longer on the books." EPA Supp.Br. 3. That argument ignores Plaintiffs' claims and fails on its own terms.

2

*First*, in §60002, Congress prospectively repealed §134 but did not alter its status as the pre-OBBBA law of the land. Because §134 continues to govern grants obligated before OBBBA's enactment, EPA's efforts (and continuing threats) to dismantle the programs still violate §134's commands.

*Second*, EPA is wrong that "Congress has itself done away with these programs by repealing the statute." EPA Supp.Br. 4. To eliminate the programs, Congress would have had to mandate their dismantling with clear and express words, given that it would "attach[] new legal consequences to events completed before [§60002's] enactment," *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269-70 (1994), dramatically "affect[] substantive rights," *id.* at 278, and raise serious constitutional concerns, Pls.' Supp.Br. 4-5.

In §60002, Congress did just the opposite. While saying *nothing* about the grant programs or funds at issue here, Congress expressly rescinded only "*unobligated*" balances (administrative funds not at issue here) and prospectively repealed §134. As explained, §60002's repeal and rescission clauses together confirm Congress had no intention of "tak[ing] away or impai[ring] vested rights," *Vartelas*, 566 U.S. at 266. A forward-looking injunction remains warranted to ensure EPA does not act contrary to statute.

EPA's reading is particularly implausible given the apparent fate of the grant funds under the agency's construction. Although EPA takes no clear position on this

3

critical question, the upshot of its theory is that Congress *expressly* rescinded $19 million in "unobligated" funding while *implicitly* handing over the purse strings to EPA to determine the fate of the $26.97 billion in obligated funds. That is both absurd and would violate elementary principles of non-delegation. *In re Nofziger*, 925 F.2d 428, 434 (D.C. Cir. 1991); *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001); *Learning Res., Inc. v. Trump*, 146 S.Ct. 628, 639 (2026) (opinion of Roberts, C.J.); *FCC v. Consumers' Rsch.*, 606 U.S. 656, 673 (2025).

To be clear, *contra* EPA Supp.Br. 8-11, Plaintiffs' reading does not leave OBBBA's repeal clause without meaning. Plaintiffs agree entirely that the statute's "two parts" both "do work," repealing the "authorizations *and* [rescinding] unobligated balances." *Id.* at 8. The repeal revoked a statute that still appropriated funds for EPA to spend (the unobligated balances Congress rescinded). It also repealed the other parts of the statute, such that any future Congress must enact new authorizing legislation before additional funds can be appropriated for the GGRF.

EPA asserted at oral argument that the repeal clause would also bar reobligation of *current* GGRF funds. Oral Arg. Tr. 13:1-17. But even if that is true, it does not help EPA because (1) the District Court found EPA had no intention of reobligating the funds, and that finding is not clearly erroneous; (2) Plaintiffs' grant

funds "remain obligated," Panel Op. 7-8; and (3) even if the repeal clause bars *re*obligation, it does not permit *de*obligation.[1]

*Third*, EPA is the one that "gets matters backwards" when it contends Plaintiffs' claims turn on whether there is "congressional authorization to run a program," and that §60002 supposedly "repeal[ed] … that authority." EPA Supp.Br. 6-7. Again, the statutory and constitutional violation is that EPA attempted to dismantle the programs "without any basis in statutory authority." JA995. EPA *still* has no statutory authority to dismantle the programs, so EPA could not "immediately terminate th[e] grants again," EPA Supp.Br. 6, or seek to claw back Plaintiffs' funds, without violating the separation of powers.

Moreover, EPA is wrong that §60002 repealed EPA's "authorization to run" the GGRF. *Id.* at 7. Section 134 contained no explicit program-management directive or authorization, and none was needed. Section 134 merely directed EPA to establish the programs and issue the grants—authority that expired in September 2024—and imposed certain obligations on eligible recipients. Congress evidently understood that its grant of authority to EPA to *make* grants carried with it the authority to administer them.

---

[1] For these reasons, it is likewise no help to EPA that Congress reportedly repealed §134 to ensure that, "if EPA were to prevail in the *Climate United* litigation, the Agency should not be required to start the obligations process anew for those grant[s]." Brief of *Amici Curiae* Members of Congress, *Arizona v. EPA*, No. 2:25-cv-02015 (W.D. Wash. Mar. 6, 2026), ECF 135-1 at 8.

By the same token, §60002 repealed no program-management authorization or directive. Section 60002's repeal of §134 did not remove a statutory provision authorizing EPA to run these programs, because §134 contained no such provision. Instead, §60002 repealed the authority to *make* grants, which had expired long before OBBBA's passage. But because §60002 left the grants intact, §60002 necessarily left intact the authority to supervise them. EPA's interpretation is nonsensical, contending Congress left EPA with no authority to *run* programs that Congress carefully preserved.

Unless Congress affirmatively instructs EPA to dismantle these programs, the agency retains the authority (indeed, the *obligation*) to run them. After OBBBA, EPA's circumstances are exactly the same as before: EPA cannot decline to administer these congressionally mandated programs absent express instruction from Congress; Congress did not so instruct; and EPA has the funding necessary to administer the grants, Pls.' Supp.Br. 7-8.

## CONCLUSION

By prospectively repealing §134 and rescinding only unobligated funds, §60002 preserved the programs and grant funds. Congress has given EPA no authority to shut down the programs, so Plaintiffs' statutory and constitutional claims remain valid bases to affirm the preliminary injunction.

Dated: March 26, 2026

Respectfully submitted,

/s/ *Vincent Levy*
  Vincent Levy
    *Counsel of Record*
  Kevin D. Benish
  Daniel Fahrenthold
  HOLWELL SHUSTER &
  GOLDBERG LLP
  425 Lexington Avenue, 14th Floor
  New York, NY 10017
  Tel.: (646) 837-5151
  vlevy@hsgllp.com

*Attorneys for Plaintiff-Appellee*
*Coalition for Green Capital*

/s/ *Beth C. Neitzel*
  Beth C. Neitzel
    *Counsel of Record*
  Matthew F. Casassa
  FOLEY HOAG LLP
  155 Seaport Boulevard, Suite 1600
  Boston, MA 02210
  Tel. (617) 832-1000
  bneitzel@foleyhoag.com
  mcasassa@foleyhoag.com

  Noah C. Shaw
  James M. Gross
  FOLEY HOAG LLP
  1301 Ave. of the Americas, 25th Floor
  New York, NY 10019
  Tel.: (212) 812-0400
  ncshaw@foleyhoag.com
  jgross@foleyhoag.com

*Attorneys for Plaintiff-Appellee Power*
*Forward Communities*

/s/ *Adam G. Unikowsky*
  Adam G. Unikowsky
    *Counsel of Record*
  Kathryn L. Wynbrandt
  David B. Robbins
  Tanner J. Lockhead
  JENNER & BLOCK LLP
  1099 New York Avenue, Suite 900
  Washington, D.C. 20001
  Tel.: (202) 639-6000
  Fax: (202) 639-6066
  aunikowsky@jenner.com

  Gabriel K. Gillett
  JENNER & BLOCK LLP
  353 N. Clark Street
  Chicago, IL 60654
  Tel.: (312) 222-9350
  ggillett@jenner.com

  Allison N. Douglis
  JENNER & BLOCK LLP
  1155 Avenue of the Americas
  New York, NY 10036
  Tel.: (212) 891-1600
  Fax: (212) 891-1699
  adouglis@jenner.com

*Attorneys for Plaintiff-Appellee Climate*
*United Fund*

/s/ *David J. Zimmer*

David J. Zimmer
 *Counsel of Record*
ZIMMER, CITRON & CLARKE LLP
130 Bishop Allen Drive
Cambridge, MA 02139
Tel.: (617) 676-9421
dzimmer@zimmercitronclarke.com

Eric F. Citron
Kathleen Foley
ZIMMER, CITRON & CLARKE LLP
1629 K. St. NW, Suite 300
Washington, D.C. 20006
Tel.: (202) 796-4540
ecitron@zimmercitronclarke.com
kfoley@zimmercitronclarke.com

*Attorneys for Plaintiff-Appellee*
*Justice Climate Fund*

/s/ *Jay C. Johnson*

Jay C. Johnson
 *Counsel of Record*
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
Tel.: (202) 344-4000
jcjohnson@venable.com

*Attorney for Plaintiff-Appellee Inclusiv,*
*Inc.*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the preceding brief contains 1,299 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f). I further certify that the document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365, in 14-point Times New Roman font.

*/s/ Beth C. Neitzel*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2026, I caused this document to be filed through the ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Beth C. Neitzel*