[EN BANC ORAL ARGUMENT HELD FEBRUARY 24, 2026]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| CLIMATE UNITED FUND, et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> CITIBANK, N.A., et al., <br><br> Defendants-Appellants. | No. 25-5122 |

**UNOPPOSED MOTION TO STAY MANDATE AND TO EXTEND STAY PENDING PETITION FOR WRIT OF CERTIORARI**

The government respectfully requests that this Court stay the issuance of its mandate under Fed. R. App. P. 41(d)(1)-(2) and D.C. Cir. R. 41(a)(2). The government also requests that this Court extend the administrative stay entered on April 16, 2025, pending the disposition of the United States' forthcoming petition for a writ of certiorari, which the government will file no later than November 2, 2026, and, if that petition is granted, any further proceedings in the Supreme Court. The government will not seek an extension of the time to file a certiorari petition.

Plaintiffs do not oppose the relief requested in this motion. Plaintiffs disagree with the arguments in the motion, but consent to the relief requested to avoid

burdening the Supreme Court with emergency filings and ensure that a request for further review, if any, will be decided in an orderly fashion.

Citibank joins in the relief requested by the government and asks that the mandate not issue and the administrative stay remain in place pending the disposition of a timely filed petition for a writ of certiorari and, if the petition is granted, any further proceedings in the Supreme Court. Citibank further states its position as follows: "As a financial agent of the United States and the entity charged with holding the award funds and administering their distribution, Citibank has a strong interest in ensuring that all legal disputes over the grant funds are resolved before any further distributions are made. Citibank also may file its own petition for certiorari, to ensure that it obtains the needed legal clarity so that it can meet its obligations to all interested parties. For these reasons, Citibank joins in the relief requested by the government, but expresses no view on the other matters addressed by the government."

In order to avoid the need for the government to seek expeditious emergency relief from the Supreme Court, the government respectfully asks this Court to grant the requested relief by **tomorrow, Friday August 7, 2026**. If the Court cannot provide full relief by tomorrow, the government requests that the Court extend the administrative stay pending a ruling on this motion and provide seven additional days to allow the government to seek review from the Supreme Court.

**STATEMENT**

**1.** As the Court is aware, this case involves the Environmental Protection Agency's (EPA) termination of billions of dollars in grants that were previously from funds appropriated by the Inflation Reduction Act (IRA), Pub. L. No. 117-169, 136 Stat. 1818. Plaintiffs consist of nonprofit organizations awarded grant funds by EPA in April 2024, as well as subgrantees with whom the grantees have separately contracted. Each grant recipient entered into materially identical contracts with EPA in August 2024, memorializing the grant awards. EPA also retained Citibank, a private financial institution, to serve as a financial agent of the United States and to hold all awarded funds and administer their distribution. JA715.

On March 11, 2025, EPA issued official notices to the plaintiff-grantees terminating their grant agreements. JA701-02. On July 4, 2025, following EPA's notice terminating the grants and while the present appeal was pending in this Court, Congress enacted and the President signed into law a bill repealing "Section 134 of the Clean Air Act (42 U.S.C. 7434)" and rescinding "the unobligated balances of amounts made available to carry out that section (as in effect on the day before the date of enactment of this Act)." Pub. L. No. 119-21, tit. VI, § 60002, 139 Stat. 72, 154 (2025).

**2.** Plaintiffs brought suit against EPA and Citibank in district court. The district court granted plaintiffs' motion for a preliminary injunction, concluding that

EPA unlawfully terminated the grants and prohibiting EPA, Citibank, and the Department of the Treasury from taking various actions pursuant to EPA's termination of the grants. JA961-63. Specifically, the order enjoins EPA from effectuating its March 11, 2025, notices terminating plaintiffs' grant agreements, as well as from "unlawfully suspending or terminating" plaintiffs' grant awards "except as permitted by the Account Control Agreement," "the grant award, the relevant regulations, and applicable law, including any administrative procedures mandated by the [APA]." JA961-62. On that basis, the court further enjoined EPA and Treasury from causing Citibank to "deny, obstruct, delay, or otherwise limit access to funds in accounts established in connection with Plaintiffs' grants, including funds in accounts established by Plaintiffs' subgrantees." JA961-62. And the court enjoined Citibank from "transferring or otherwise moving funds out of accounts established in connection with Plaintiffs' grants, including funds in accounts established by Plaintiffs' subgrantees, except as permitted by the applicable [Account Control Agreement], the grant award, the relevant regulations, and applicable law, including any administrative procedures mandated by the APA." JA962.

**3.** The government immediately appealed, and this Court administratively stayed the district court's order in part on April 16, 2025, effectively freezing the funds in the Citibank accounts. On September 2, following full merits briefing and

4

oral argument, a 2-1 panel of this Court vacated the district court's preliminary injunction, holding that the district court likely lacked jurisdiction over plaintiffs' APA and ultra vires claims, Op.11, 21-22, and that plaintiffs' separation of powers claims lacked merit, Op. 22-26.

On December 17, 2025, this Court granted rehearing en banc, vacated the panel opinion, and reinstated the administrative stay previously entered on April 16, 2025. On August 4, 2026, the en banc Court issued a per curiam order affirming the preliminary injunction. Specifically, the Court 6-4 affirmed paragraph two of the preliminary injunction, which enjoins EPA from effectuating its March 11, 2025, Notice of Termination of plaintiff's grant agreements, JA961, but was equally divided as to whether to affirm the remaining portions of the preliminary injunction.

## ARGUMENT

The government moves for a stay of the mandate and an extension of the administrative stay through the duration of Supreme Court proceedings. To obtain a stay of the mandate "pending the filing of a petition for a writ of certiorari in the Supreme Court," a movant "must show that the [certiorari] petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). For the reasons discussed below, that standard is plainly satisfied here.

**I.   The Government's Petition For Certiorari Will Present Substantial Questions For Supreme Court Review**

1.   The United States intends to file a petition for a writ of certiorari by November 2, 2026, which will present various "substantial question[s]."  Fed. R. App. P. 41(d)(1).  This Court has affirmed a district-court preliminary injunction vacating an agency's termination of grants and requiring the government to disburse billions in funds that the government is unlikely to be able to recover.  That is an issue for which the Supreme Court is likely to grant further review, necessarily demonstrating that the questions involved are "substantial."  Indeed, the Supreme Court has already twice stayed district court orders purporting to prevent the government from terminating grant agreements and effectively requiring the government to pay grant funds pursuant to those agreements on the ground that district courts lack jurisdiction to award such relief.  *National Institutes of Health v. American Public Health Association*, 145 S. Ct. 2658, 2659 (2025); *Department of Education v. California*, 604 U.S. 650, 651 (2025).  In granting those applications, the Supreme Court necessarily determined that it "would likely grant certiorari" in those cases.  *Trump v. Cook*, 146 S. Ct. 2234, 2246 (2026).  The same is true in this case, which presents materially similar questions about district courts' jurisdiction over grant-termination claims.

The en banc majority's construction of the IRA likewise is a "substantial question."  The Court seemed to construe the IRA's appropriation of funds and

provision that EPA award grants in accordance with the statute's specified purposes to effectively restrict EPA from later terminating billions of dollars in grants if the agency has determined that the grant agreements are seriously flawed. The proper construction of an appropriations statute governing billions of dollars is a substantial question warranting Supreme Court review.

These are all substantial issues as they concern the authority of district courts to enjoin agencies from terminating contracts and would compel the continued disbursement of billions of dollars in funds pursuant to those contracts. These issues further implicate broader concerns regarding the Executive Branch's authority to effectively manage and administer federal funds. The closely divided—and, on some points, evenly divided—en banc vote underscores that the petition will present substantial questions.

## II. Good Cause Further Supports A Stay

There is also "good cause" for the requested stay. Fed. R. App. P. 41(d)(1). Under this Court's August 4, 2026, order, the administrative stay issued by the merits panel, and reinstated by the en banc Court on December 17, 2025, will dissolve on August 11, 2026, allowing the preliminary injunction to go into effect. That would upend the existing status quo, which has been in effect since April 16, 2025, and would require Citibank, acting as a financial agent of the government, to disburse potentially billions in federal funds to plaintiffs that the government is unlikely to

be able to recover. That kind of irreparable harm, the Supreme Court has recognized, warrants a stay. *National Institutes of Health*, 145 S. Ct. at 2659 (quotation omitted) ("[W]hile the loss of money is not typically considered irreparable harm, that changes if the funds cannot be recouped and are thus irrevocably expended."); *California*, 604 U.S. at 651-52 (finding irreparable harm to the government where the "respondents have not refuted the Government's representation that it is unlikely to recover the grant funds once they are disbursed"). There is accordingly good cause for this Court to stay its mandate and allow the administrative stay to remain in place pending the Supreme Court's disposition of a petition for certiorari in this case and, if that petition is granted, further proceedings in the Supreme Court. *See Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025) (explaining that the Supreme Court's stay decisions must "inform how a court should exercise its equitable discretion in like cases").

Plaintiffs will suffer no irreparable injury from a stay of the mandate and an extension of the administrative stay, let alone any injury that outweighs the harms to the government. As discussed, the grant funds have been effectively frozen in the Citibank accounts since April of last year; allowing the administrative stay to remain in place thus maintains the status quo. Indeed, that plaintiffs do not oppose this motion establishes that they will not suffer any irreparable harm if the requested relief were granted.

Moreover, judicial economy counsels in favor of a stay of the mandate and an extension of the administrative stay, as it would avoid unnecessary proceedings in the Supreme Court. In the absence of relief from this Court, it will be necessary for the government to seek emergency relief from the Supreme Court in order to avoid the disbursement of billions in federal funds that the government is unlikely to be able to recover should it ultimately prevail in litigation. Ensuring judicial economy in this respect constitutes good cause warranting a stay under Fed. R. App. P. 41(d)(1)-(2). The fact that plaintiffs do not oppose this motion makes it all the more clear that relief should be granted by this Court expeditiously, to avoid unnecessary additional filings on a highly expedited basis.

# CONCLUSION

For these reasons, the government respectfully requests that the Court stay its mandate, and that the Court allow the administrative stay to remain in place pending the disposition of a timely filed petition for a writ of certiorari and, if the petition is granted, any further proceedings in the Supreme Court.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

DANIEL TENNY

/s/ *Sophia Shams*
SOPHIA SHAMS
(202) 514-2495
   Attorneys, Appellate Staff
   Civil Division
   U.S. Department of Justice
   950 Pennsylvania Ave., N.W.
   Washington, D.C. 20530

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion satisfies the type-volume limitation in Rule 27(d)(2)(A) because it contains 1,928 words. This motion complies with the typeface and type-style requirements of Rule 32(a)(5) and Rule 32(a)(6) because it was prepared using Microsoft Word 2013 in Times New Roman 14-point font.

/s/ *Sophia Shams*
Sophia Shams

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2025, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I further certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Sophia Shams*
Sophia Shams