# Exhibit A

USCA Case #25-5122 Document #2191457 Filed: 09/03/2026 Page 2 of 3

**U.S. Department of Justice**
Civil Division

*Office of the Assistant Attorney General* *Washington, DC 20044*

August 24, 2026

Vincent Levy
Kevin D. Benish
Holwell Shuster & Goldberg LLP
425 Lexington Ave., Floor 14
New York, N.Y. 10017

Dear Mr. Levy:

On behalf of the Environmental Protection Agency (EPA), I write to remind your client of the terms of the D.C. Circuit's administrative stay order in *Climate United Fund v. Citibank, N.A.*, No. 25-5122 (D.C. Cir.). *See* Order, *Climate United Fund*, No. 25-5122 (Apr. 16, 2025) (Order). That order has been in effect for over a year, remains in effect today, and will continue in effect until the Supreme Court acts on the government's forthcoming petition for a writ of certiorari—and, if that petition is granted, until the Supreme Court's final disposition. *See* Order, *Climate United Fund*, No. 25-5122 (Aug. 7, 2026).

By its plain terms, the D.C. Circuit's order prohibits all parties, including the Coalition for Green Capital (CGC), from taking "any action, directly or indirectly, with regard to the disputed contracts, grants, awards or funds" at issue in the *Climate United Fund* litigation. Order 2. As a plaintiff in the district court and an appellee in the D.C. Circuit, CGC is as fully bound by that stay order as are the other parties to the appeal.

CGC therefore cannot take any actions—"directly or indirectly"—with respect to grant funds, wherever those funds may be held. That includes the nearly $3 billion in taxpayer dollars that, according to EPA, CGC caused to be transmitted to private equity firms in early 2025. Because those are "funds" disbursed under "the disputed contracts, grants, [and] awards," CGC has been and remains barred by court order from taking "any action, directly or indirectly, with regard to" those funds.

CGC previously filed two notices, styled as "compliance" notices, asserting the administrative stay order somehow uniquely does not bind CGC. *See* Notice of Compliance, *Climate United Fund*, No. 25-5122 (Apr. 30, 2025); Notice of Compliance, *Climate United Fund*, No. 25-5122 (Dec. 22, 2025) (Dec. 22 Notice). Each notice correctly recognized that the stay order prohibits CGC's continued use of grant funds. *See, e.g.*, Dec. 22 Notice 2 ("Read broadly, the direction 'that no party take any action, directly or indirectly, with regard to the disputed contracts, grants, awards or funds' could be viewed as requiring . . . grantees . . . to halt all operations related to the grant program . . . ."). CGC nevertheless urged that the administrative stay order should not be read to prohibit CGC from taking action with respect to grant funds held outside Citibank because "CGC does not believe this is what the Court intended." *Id.*

(Page 2 of Total)

Respectfully, that interpretation is untenable. The D.C. Circuit's administrative stay order includes two separate decretal paragraphs ("ORDERED"). The first specifically freezes the funds held at Citibank: "The district court's order is stayed insofar as it . . . enables or requires Citibank to release, disburse, transfer, otherwise move, or allow access to funds . . . ." Order 1-2. The second then broadly commands "that no party take any action, directly or indirectly, with regard to the disputed contracts, grants, awards or funds." Order 2. Unlike the first decretal paragraph, the second is not limited to the funds held at Citibank. It sweeps far more broadly, commanding compliance not just from Citibank but from every "party" to the case, including CGC. And it prohibits any party from taking "any action, directly or indirectly," with respect to "the disputed contracts, grants, awards or funds." The funds held outside of Citibank are unquestionably funds obtained by CGC pursuant to "the disputed contracts, grants, [and] awards." As a party to the *Climate United Fund* litigation, therefore, CGC is barred from taking any action with respect to those funds, directly or indirectly, wherever they may be held.

That result accords with the evident purpose of the D.C. Circuit's administrative stay, which was to freeze the status quo entirely pending appeal. If the grant terminations take effect, the government will seek to recover those funds for taxpayers through grant closeout proceedings. When that day comes, the Department hopes and expects to find, consistent with the D.C. Circuit's administrative stay order, that CGC has preserved the disputed funds accordingly.

Respectfully yours,

Brett A. Shumate
Assistant Attorney General

cc: Sean Donahue
General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Ave. NW
Washington, D.C. 20460